**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MELISHA MILES, as Guardian of FRANCIS PATTON, an incapacitated person, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-417-GAG-MTS |
| | ) |
| TURN KEY HEALTH CLINIC, LLC, an Oklahoma Limited Liability Company, | ) ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Turn Key Health, LLC's Motion for Protective Order Regarding Plaintiff's Deposition of William Cooper, DO. (Docket No. 81). After considering the parties' briefing, arguments by counsel at the hearing, and the applicable caselaw, the Court hereby **DENIES** Defendant's Motion.

**Background**

On June 27, 2024, Plaintiff Melisha Miles, as Guardian of Francis Patton, an incapacitated person ("Plaintiff"), filed suit against Defendant Turn Key Health Clinic LLC ("Defendant"), and several other defendants, alleging claims for negligence, negligent hiring and training, and various claims under 42 U.S.C. § 1983.[1] (Docket No. 2-1). Plaintiff alleges that when Mr. Patton was arrested and booked into the Amos G. Ward Detention Center on January 10, 2023, he suffered from a severe medical condition that was left undiagnosed and untreated by Defendant. *Id.* at 6-

---

[1] On May 16, 2025, United States Circuit Judge Gustavo A. Gelpi, sitting by designation, entered an Opinion and Order dismissing Plaintiff's state law claims against Defendant Turn Key. (Docket No. 27). Moreover, on December 17, 2025, Plaintiff filed a Notice of Dismissal, dismissing with prejudice all defendants in the case except for Defendant Turn Key. (*See* Docket No. 58).

7. She contends that Defendant's failure to provide timely medical care to Mr. Patton eventually led to his becoming permanently incapacitated. *Id.* at 9. Plaintiff seeks both compensatory and punitive damages. *Id.* at 82-83. Defendant denies any wrongdoing. (*See* Docket No. 33).

On July 20, 2026, Defendant filed the instant Motion requesting that the Court enter a protective order precluding the deposition of William Cooper, DO ("Dr. Cooper") or limit his testimony "to his personal knowledge of the relevant facts and/or involvement in the development of Defendant's official written policies and procedures." (Docket No. 81 at 1). Plaintiff filed her Response to Defendant's Motion on July 29, 2026, wherein she argues that she should be able to depose Dr. Cooper and utilize his prior deposition testimony from other unrelated cases during his deposition in the instant litigation. (Docket No. 86 at 4-10). On August 4, 2026, the Court held a hearing on the Motion. (Docket No. 87). As such, the Motion is ripe for review.

### Discussion

At issue is whether the Court should enter a protective order prohibiting Plaintiff from deposing Dr. Cooper or, in the alternative, prohibit Plaintiff from impeaching Dr. Cooper with deposition testimony he gave in a prior case. Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The moving party "has the burden of showing good cause for its issuance," which requires that "the movant make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-PJC, 2009 WL 10694083, at *2 (N.D. Okla. Apr. 24, 2009), quoting *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2008 WL 3992789, at *1 (N.D. Okla. Aug. 25, 2008). It is within a court's discretion whether to enter a protective order. *Id.*, citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

2

The Court finds that Defendant has failed to meet its burden. Defendant presents no persuasive authority prohibiting Dr. Cooper's deposition. Further, Defendant fails to present persuasive authority that prohibits Plaintiff from using Dr. Cooper's prior sworn testimony in other matters during his deposition in this case. Accordingly, Plaintiff may depose Dr. Cooper and utilize his prior sworn testimony during the deposition. Pursuant to Plaintiff's representations during the hearing, Plaintiff's inquiry is limited to Defendant's policies and procedures.

### Conclusion

For the reasons set forth herein, Defendant Turn Key Health, LLC's Motion for Protective Order Regarding Plaintiff's Deposition of Dr. William Cooper, DO (Docket No. 81) is hereby **DENIED.** The parties shall bear their own fees and costs associated with this Motion.

**IT IS SO ORDERED** this 5th day of August, 2026.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3